15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kulbir Singh RANDHAWA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70622.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided Jan. 24, 1994.
 
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Although a different conclusion could have been reached by the BIA, there was substantial evidence on the whole record to support the BIA's decision, so we must deny the petition for review.
 
 
 3
 The petition for review must be determined "solely upon the administrative record," 8 U.S.C. Sec. 1105a(a)(4), so we cannot consider the newspaper clippings attached to petitioner's appellate brief. The Attorney General's findings of fact are conclusive "if supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. Sec. 1105a(a)(4). We cannot review the evidence de novo, but must defer to the findings of the BIA if they are supported by such evidence. Rodriguez-Rivera v. INS, 848 F2d 998, 1001 (9th Cir.1988). Our review is confined to the BIA's decision, not the IJ's. Id. at 1002.
 
 
 4
 The BIA found that Randhawa did not have a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). There was substantial evidence of the absence of any individualized threat to petitioner. See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). Even after the Golden Temple violence, he was allowed to keep his job at the Indian consulate. Though others no longer socialized with him as they had before, that does not amount to "persecution." Since he was not fired or disciplined, the BIA could reasonably infer that the authorities did not know of petitioner's feelings or attendance at a gathering after Indira Gandhi's assassination. Although a brother of Randhawa's may have drawn police attention because of his activities, petitioner's sisters and their families still live in India, so far as the record reveals, without suffering persecution because they are Sikhs.
 
 
 5
 Petitioner directs our attention to the regulation that an asylum seeker need not show that he would be singled out for persecution if he establishes a "pattern or practice" of persecution against his group. 8 C.F.R. Sec. 208.13(b)(2)(i). But the BIA could reasonably conclude, based on the evidence in the record as a whole, that petitioner has no well founded fear of a pattern of persecution because he is a Sikh. He testified that he wears his turban in the Punjab, where Sikhs are a majority, but not in Delhi. That supports an inference that Sikhs as such are at no particular risk of persecution in the Punjab. When the police stopped petitioner on his motorcycle, he was violating a rule applicable regardless of ethnic group or religion against two people riding on a motorcycle. Most important, the police let him go. Petitioner's father's letter supports an inference of well-founded fear of persecution for any young Sikh, but the State Department report is evidence the other way, as are petitioner's and his sisters' experiences, his three trips back to India, and the Sikh majority status in the Punjab, petitioner's home region.
 
 
 6
 Since petitioner did not establish a well founded fear, a fortiori he was not entitled to withholding of deportation under 8 U.S.C. Sec. 1253(h), which has the more demanding "clear probability of persecution" standard. Rodriguez-Rivera v. INS, 848 F.2d at 1002.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) & 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3